UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                                                                    Case No. 3:24cv503-LC-HTC

KELVIN C. WELLS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Steven W. Short, a pretrial detainee proceeding *pro se* and seeking to proceed *in forma pauperis*,[1] Doc. 2, has filed a "Notice of Action," Doc. 1, which the clerk docketed as a complaint under 42 U.S.C. § 1983. Upon review, the undersigned finds this action should be DISMISSED *sua sponte* as frivolous.

Short is currently detained at the Walton County Jail facing two charges of possession of a weapon or ammunition by a convicted felon. *State of Florida v. Short*, Walton Cnty. Circuit Court Case No. 24 CF 206.[2] In the Notice of Action,

---

[1] The motion to proceed *in forma pauperis* will be denied by a separate order because it is incomplete and, as set forth herein, this action is frivolous. *See Belcher v. Wilson*, 2010 WL 3237822, at *1 (N.D. Fla. Aug. 16, 2010) ("An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous.") (internal citation omitted).

[2] According to the electronic docket, https://waltonclerk.com/courtrecords, last accessed October 18, 2024, the circuit court appointed an expert to evaluate Short's competency to stand trial in July 2024. It is unclear whether an evaluation has been conducted or a competency determination made.

Short names one defendant, Kelvin C. Wells. Although Short suggests Wells is the "owner" of the Walton County Jail, based on Walton County court records, Wells is the judge assigned to Short's pending criminal case. Short's "Description of Action," in its entirety (and without correction) is as follows:

> Demanded relief in the amount of $13,000,000.00 do to the actions of violating Rules 30.15. Powers, duties, and obligations of Sheriffs along with § 91.91. False Imprisonment, § 91.68. Attempted voluntary manslaughter, § 91.71. Kidnapping – with intent to inflict bodily harm or terrorize, § 91.69 Kidnapping, To prove probable cause to commit actions pull up Case # 3:22-cv-19162-MCR-HTC along with video footage from (WCJ) on March through October 2024 as well as Medical Records on Steven W. Short from (WCJ)

Doc. 1 at 2. Attached to the "Description of Action" are four pages, which allege that in May 2024, Judge Wells kidnapped, falsely imprisoned, and tried to kill Short.

This action should be dismissed under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, *et seq.*, because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) (directing courts to dismiss a complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief). Indeed, under the PLRA, when a prisoner is seeking recovery against a government employee, the Court must screen the complaint and determine whether it should be dismissed "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A.

First, besides being conclusory, Short's allegation that Judge Wells kidnapped and tried to kill him in May 2024 is delusional, particularly considering that the Walton County Jail's website indicates Short has been detained at the Jail since March 20, 2024.[3] *See Jean-Baptiste v. U.S. Dep't of Justice*, 2024 WL 4249655, at * 2 (11th Cir. Sept. 20, 2024) ("Frivolous claims include claims describing 'fantastic or delusional scenarios.'") (citation omitted). Furthermore, because any May 2024 interaction Short had with Judge Wells would have been in his judicial capacity, Wells is immune from being sued for damages. *See Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) ("A judge is entitled to absolute judicial immunity from damages for actions taken while acting in [the judge's] judicial capacity, unless [the judge] acted in the clear absence of all jurisdiction.") (quotation marks and citation omitted).

Second, the Court has repeatedly told Short he *cannot* initiate a civil action by filing a "Notice of Action." *See Short v Alldredge, et al.*, N.D. Fla. Case No. 3:24cv403-LC-HTC; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form). Nonetheless, on October 15, 2024, Short filed at least six other "Notices of

---

[3] *See* https://nwscorrections.waltonso.org/NewWorld.InMateInquiry/WaltonCounty.

Case No. 3:24cv503-LC-HTC

Action" with this Court.[4]

The PLRA's screening requirement is "sometimes referred to as a frivolity review," and vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

There can be no dispute that this action is frivolous. Short's allegation that the judge presiding over his criminal case kidnapped and tried to kill him is delusional. Furthermore, Short has been told that he cannot initiate a civil action by filing a notice of action. Nonetheless, Short continues to flood this Court with nonsensical deficient filings that have no basis in law or fact.[5] And, because this action is frivolous, any amendment would be futile. *See Silberman v. Miami Dade*

---

[4] Also, Short has attempted to file "Notices of Action" on behalf of others, even though he is not a lawyer. *See Allen v. Adkinson*, 3:24cv454-TKW; *LaFountain v. Adkinson*, 3:24cv449-LC; and *O'Neil v. Adkinson*, 3:24cv448-TKW.

[5] The undersigned notes this Court has previously dismissed a case Short filed for failure to state a claim (Case No. 3:22cv19162-MCR-HTC) and there are reports recommending the dismissal of other cases Short has filed for failure to state a claim or as frivolous currently pending (Case Nos. 3:24cv403-LC-HTC; N.D. Fla. 3:24cv502-AW-HTC). *See Jean-Baptiste*, 2024 WL 4249655, at *2 ("A court may consider 'a litigant's history of bringing unmeritorious litigation' when determining frivolousness.") (citation omitted).

Case No. 3:24cv503-LC-HTC

*Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Accordingly, it is RECOMMENDED:

1.   That this case be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.